
```
PROB 12B
(4/8/15)SWPA
```

# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF NEW YORK

**FILED**
**IN CLERK'S OFFICE**
**U.S. DISTRICT COURT E.D.N.Y.**

**JUL 21 2017** ★

**LONG ISLAND OFFICE**

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:   Joshua Lewis                    Case Number:   0207 2:14CR00147

Name of Sentencing Judicial Officer:   The Honorable Joanna Seybert, U.S. District Court Judge

Date of Original Sentence:   June 14, 2017

Original Offense:   **Count 1**:
Conspiracy to Distribute Oxycodone
21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 841(a)(1)
Not more than 20 years imprisonment/$1,000,000 fine
(Class C Felony)

Original Sentence:   Time served followed by three years of supervised release with the following special conditions: 1) for a period of three months, the defendant shall comply with a curfew via electronic monitoring. The defendant will remain at is place of residence from 7:00 p.m. to 7 a.m. The probation department may designate another 12- hour respective time period; 2) the defendant shall be subject to random drug testing and, if necessary, participate in an outpatient drug treatment program approved by the probation department and, 3) the defendant shall maintain lawful, verifiable, full-time or part-time employment, as directed by the probation department.

Type of Supervision:   TSR                Date Supervision Commenced:   June 14, 2017

---

## PETITIONING THE COURT

☒   To modify the conditions of supervision as follows:

*For a period of one month, the defendant must be confined to his/her residence, commencing on a date approved by the U.S. Probation Department. The defendant must be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Department. The defendant must wear an electronic monitoring device and follow all location monitoring procedures. The defendant must permit the Probation Officer access to the residence at all times and may be required to maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant must pay all the costs associated with the location monitoring services and must disclose all financial information and documents to the Probation Department to assess his/her ability to pay.*

### CAUSE

On June 14, 2017, Lewis commenced his supervised release in the Eastern District of New York, given his residence in Long Island, New York. Lewis currently resides with his fiance, infant daughter, and several other family members. Since

Case 2:14-cr-00147-JS   Document 121   Filed 07/21/17   Page 2 of 3 PageID #: 399

*Prob 12B - Request for Modifying the Conditions or Term of Supervision with Consent of the Offender*   Page 2
Joshua Lewis                PACTS:360890           Case Number: 0207 2:14CR00147

the commencement of supervision, Lewis has been gainfully employed with Stop and Shop, working in the deli department. All urinalysis samples have yielded negative results to date.

On June 16, 2017, Lewis commenced his three month term of location monitoring and has an expected end date of September 15, 2017. Since being enrolled in the program, Lewis has been noncompliant with the program on several occasions for leaving his residence early due to a change in his work schedule. The undersigned officer reviewed the location monitoring procedures with Lewis, and instructed Lewis to follow all location monitoring procedures. On June 20, 2017, Lewis generated a "Did Not Enter" alert at 11:30 p.m. The location monitoring unit attempted to call Lewis, however he did not answer the phone. On June 21, 2017, the undersigned officer spoke to Lewis and advised that it is unacceptable for him not to answer his phone or leave a message on the emergency line when he was going to be late. Lewis advised that his phone was dead and he was late due to going to the emergency room for hurting his back at work. Lewis provided proof of his emergency visit to the undersigned officer. On June 24, 2017, Lewis generated an "Unauthorized Leave" alert at 7:03 a.m. Lewis was contacted by the location monitoring unit who advised he contacted the undersigned officer late Friday night requesting a schedule, however he did not receive an answer. On July 1, 2017, Lewis again generated an "Unauthorized Leave" alert at 10:39 a.m. as he had to leave early for work. Lewis again failed to notify the location monitoring unit that he needed to leave early for work. On July 2, 2017, Lewis again generated an "Unauthorized Leave" alert at 7:47 a.m. as he needed to leave early for work. Lewis advised he failed to notify the location monitoring unit of his schedule change. On July 8, 2017, Lewis generated an "Unauthorized Alert" at 10:38 a.m., and failed to notify the location monitoring unit prior to leaving his residence for work.

On July 10, 2017, Lewis reported to the probation department and his continued noncompliance with the location monitoring program was discussed. Lewis acknowledged his overall noncompliance and is committed to adhering to all rules and regulations of the location monitoring program. On July 10, 2017, Lewis signed the attached Probation Form 49, waiver of a hearing, agreeing to the imposition of a 30 day location monitoring extension. We are also writing to advise the Court of the offender's need for extended curfew hours, as the location monitoring order calls for a 12 hour period. On July 12, 2017, Lewis commenced a second employment working for Sun Run in Long Island, New York on a full-time basis. It should be noted that Lewis works at Stop and Shop on a part-time basis and plans to work both jobs, as he is attempting to get enrolled in the manager program at Stop and Shop which would lead to steady full-time employment. We ask that his curfew time in the home be reduced from 12 to 8 hours. We will adjust his schedule according to his work hours. We await Your Honor's decision in this matter.

Respectfully submitted,

*Michael Imrek*
U.S. Probation Officer
Date: July 19, 2017

Approved by,

*Joseph Franco*
Joseph Franco
Supervisory U.S. Probation Officer
Date: July 19, 2017

---

**THE COURT ORDERS:**
☐ No Action.
☐ The extension of supervision as noted above.
☒ The modification of conditions as noted above.
☐ Other

/s/ Joanna Seybert
Signature of Judicial Officer

7/21/2017
Date

PROB 49
(4/15)SWPA

# United States District Court

EASTERN DISTRICT OF NEW YORK

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*For a period of One month, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay.*

Witness _____
Michael P. Imrek
(U.S. Probation Officer)

Signed _____
Joshua Lewis
(Probationer or Supervised Releasee)

July 10, 2017
(Date)